UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HASSANNA TAMIKA GRIER,

    Plaintiff,

v.                                            Case No. 8:24-cv-01743-WFJ-AEP

CAROLYN COLVIN,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, it is recommended that the Commissioner's decision be affirmed.

**I.**

**A.**     **Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 11). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 11). Plaintiff then requested an administrative

---

[1] Carolyn Colvin is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Carolyn Colvin should be substituted for Commissioner Martin O'Malley as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

hearing (Tr. 11). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified without the assistance of an attorney or other representative (Tr. 11). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 22). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1977, claimed disability beginning August 7, 2015 (Tr. 167). Plaintiff's highest level of education is a GED obtained in 1998 (Tr. 198). The ALJ found that Plaintiff has no past relevant work (Tr. 21). Plaintiff alleged disability due to "mental health, paranoia, knees, stomach, throat, and schizophrenia" (Tr. 197).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since March 11, 2021, the application date (Tr. 13). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: "major depressive disorder; anxiety and obsessive-compulsive disorder; personality disorder; degenerative joint disease of the left knee; sciatica; and[] obesity" (Tr. 13). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one

of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) except the claimant can frequently push and/or pull with the left lower extremity; can frequently balance, stoop, kneel, crouch, and crawl, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; can tolerate not more than occasional exposure to extreme temperatures, humidity, vibration, atmospheric irritants such as dust, odors, fumes and gases, and workplace hazards such as unprotected heights and moving machinery; can perform unskilled work, meaning she can understand and remember simple and detailed instructions, and complete simple, routine, repetitive tasks; can tolerate not more than occasional interactions with coworkers, supervisors, and the general public (Tr. 16). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 17).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff had no past relevant work (Tr. 21). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a photocopy machine operator, office helper, or routing clerk (Tr. 22). Accordingly,

3

based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 22).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his

4

or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff, proceeding *pro se*, argues that the Commissioner's decision was made in error because she "was found disabled at the second step" of the sequential evaluation process (Doc. 10, at 3). Courts liberally construe briefs filed by *pro se* litigants, but any issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Liberally construed, it appears Plaintiff's Complaint (Doc. 1) and Brief (Doc. 10) argue that the ALJ erred by continuing the five-step evaluation process after Plaintiff was found to have severe impairments at step two. According to Plaintiff, the Commissioner's decision was based on a legal error because the evaluation process should have ended after step two with a finding that Plaintiff was disabled (Docs. 1, at 2; 1-1, at 1, 21).

At step two in the sequential evaluation process, the ALJ considers the medical severity of a claimant's impairments. 20 C.F.R. § 416.920(a)(4)(ii). "If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled." *Id.* Step two is merely a "threshold inquiry" after which claims based on the most trivial impairments may be rejected. *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019) (quoting *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)). In other words, a claimant cannot be found disabled at step two. *Compare* 20 C.F.R. § 416.920(a)(4)(ii) ("If you do not have a severe medically determinable physical or mental impairment . . . we will find that you are *not*

disabled.") (emphasis added) *with* 20 C.F.R. § 416.920(a)(4)(iii) ("If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you *are* disabled.") (emphasis added). Therefore, after finding Plaintiff had severe impairments at step two, the ALJ did not err by continuing the sequential evaluation process. The ALJ continued through the sequential evaluation process and found Plaintiff not disabled at step five (Tr. 22). Further, Plaintiff received a full and fair hearing after waiving her right to representation (Tr. 11), and the ALJ fully developed and considered the entire record. Substantial evidence and applicable legal standards support the Commissioner's decision.

## IV.

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be AFFIRMED.

2. The Clerk be directed to enter final judgment in favor of Defendant and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 11th day of February 2025.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

8

## **NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. William F. Jung
      Counsel of Record